UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JULIE LALONDE,

              Plaintiff,                            **DECISION AND ORDER**

      v.                                               6:19-CV-06411 EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION

Represented by counsel, plaintiff Julie Lalonde ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 9), and Plaintiff's reply (Dkt. 11). For the reasons discussed below, the Commissioner's motion (Dkt. 9) is denied and Plaintiff's motion (Dkt. 8) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**BACKGROUND**

Plaintiff protectively filed her applications for DIB and SSI on December 18, 2015. (Dkt. 7 at 87, 88).[1] In her applications, Plaintiff alleged disability beginning July 1, 2010, due to: slipped and herniated discs in back; deterioration of spine; numbness in both sides when standing for more than ten minutes; high blood pressure; reoccurring migraines; possible arthritis in neck; arthritis in left shoulder; depression; and anxiety. (*Id.* at 89-90). Plaintiff's applications were initially denied on April 6, 2016. (*Id.* at 97-104). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Mary J. Leary on March 12, 2018, with Plaintiff appearing in Elmira, New York, and the ALJ presiding over the hearing from Springfield, Missouri. (*Id.* at 43-75). On June 5, 2018, the ALJ issued an unfavorable decision. (*Id.* at 24-42). Plaintiff requested Appeals Council review; her request was denied on April 9, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 4-9). This action followed.

**LEGAL STANDARD**

**I.    District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C.

---

[1]   When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

§ 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Dkt. 7 at 29). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since July 1, 2010, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff had the severe impairments of spondylolisthesis, degenerative disc disease of the lumbar spine, obesity, osteoarthritis of the neck and shoulder, and migraines. (*Id.*). The ALJ found Plaintiff's medically determinable impairments of hypertension, gastro-esophageal reflux disease, unspecified upper respiratory tract infection, bereavement, adjustment disorder with depression and anxiety, major depressive disorder, and panic attacks were non-severe. (*Id.* at 30).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 32). The ALJ particularly considered the requirements of Listings 1.02, 1.04, and 11.02 in reaching this conclusion, as well as considering the effect of Plaintiff's obesity as required by Social Security Ruling ("SSR") 02-01p. (*Id.* at 32-33).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the additional limitations that:

> [Plaintiff] can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; and

>    must avoid concentrated exposure to hazards such as dangerous machinery
>    and unprotected heights.

(*Id.* at 33).

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a teacher's aide and sales clerk. (*Id.* at 36). Notwithstanding her step four finding, the ALJ made an alternative step five finding. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cashier II and sales attendant worker. (*Id.* at 37-38). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of the ALJ's decision. (*Id.* at 38).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing that (1) the Appeals Council erred in weighing the opinion of Dr. Richard Terry, Plaintiff's treating physician; and (2) the ALJ improperly based her RFC finding on her own lay interpretation of the medical records and improperly substituted her lay opinion for undisputed medical opinion. (*See* Dkt. 8-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the Appeals Council erred in its consideration of Dr. Terry's opinion, and this error necessitates remand for further administrative proceedings.

### A.     Appeals Council Review

Following her administrative hearing, Plaintiff submitted additional evidence consisting of treating physician Dr. Terry's medical opinion dated October 8, 2018. (*See* Dkt. 1 at 3-4). The Appeals Council did not consider the opinion, finding that the "evidence [did] not show a reasonable probability that it would change the outcome of the decision." (Dkt. 7 at 5).

The Appeals Council must consider "new" and "material" evidence if it "relates to the period on or before the date of the administrative law judge hearing decision" and there is "reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). "[W]hen claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, 'the treating physician rule applies, and the Appeals Council must give reasons for the weight accorded' to that opinion." *Djuzo v. Comm'r of Soc. Sec.*, No. 5:14-CV-272 GLS/ESH, 2014 WL 5823104, at *14 (N.D.N.Y. Nov. 7, 2014). "It is insufficient for the Appeals Council to merely acknowledge that they reviewed new evidence from a treating physician without providing such reasoning." *Seifried ex rel. A.A.B. v. Comm'r of Soc. Sec.*, No. 6:14-CV0347 (LEK/TWD), 2014 WL 4828191, at *4 (N.D.N.Y. Sept. 29, 2014) (citation omitted). As such, "[r]emand may be appropriate where the Appeals Council fails to discuss a newly submitted treating physician's opinion or 'fails to provide the type of explanation required by the treating physician rule when denying [the p]laintiff's request for review.'" *Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *4 (N.D.N.Y. Mar. 11, 2020) (quoting *Djuzo*,

- 7 -

2014 WL 5823104, at *4-5). However, "remand is only appropriate when there is a 'reasonable possibility' that this evidence would have influenced the ALJ to decide the disability determination differently." *Amanda L. C. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0817 (GTS), 2020 WL 4783169, at *6 (N.D.N.Y. Aug. 18, 2020).

Here, the Appeals Council summarily concluded that Dr. Terry's opinion did not "show a reasonable probability that it would change the outcome of the decision." (Dkt. 7 at 5). As such, the Appeals Council failed to provide "good reasons" for disregarding the opinion of Plaintiff's treating physician. This was error as "[t]he law is clear that the Commissioner must—acting either through the Appeals Council or the ALJ—properly evaluate a treating physician's opinion and provide good reasons for that evaluation." *Michael B. v. Saul*, No. 3:19-CV-776 (CFH), 2020 WL 5292055, at *9 (N.D.N.Y. Sept. 4, 2020); *see also Davis v. Saul*, No. 19 CIV. 02974 (JCM), 2020 WL 2094096, at *12 (S.D.N.Y. May 1, 2020) ("This threadbare statement lacks any reasoning that sheds light on 'why the Appeals Council found the proffered evidence immaterial,' and thus 'deprives the Court of its ability to determine whether the Commissioner's decision is supported by substantial evidence.'"); *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188 (W.D.N.Y. 2006) (finding Appeals Council had erred by "fail[ing] to follow the requirements of the Commissioner's regulation in summarily concluding, without 'good reasons' stated, that the new evidence submitted by plaintiff's counsel to it was insufficient to disturb the ALJ's determination" (citations omitted)).

Based on the record before the Court, the Court cannot conclude with certainty that there is no reasonable probability that Dr. Terry's opinion would not have changed the

outcome of the decision because the opinion, if credited, would have undermined the ALJ's RFC finding. For example, Dr. Terry opined that Plaintiff would be off task more than 33% of the workday. (Dkt. 1 at 3). If the ALJ credited this statement, it would have precluded full-time employment based on the VE's testimony. (*See* Dkt. 7 at 72 (VE confirmed hypothetical individual that would be off task about 15% of workday would be unable to sustain any work in the national economy)). Moreover, if the ALJ had credited Dr. Terry's opinion that Plaintiff would miss more than 4 days of work per month (Dkt. 1 at 4), this too would have precluded full-time employment based on the VE's testimony. (*See* Dkt. 7 at 72 (in response to ALJ's question of whether an individual would be able to sustain work if she were absent one day per month, the VE answered that it "[d]epends on what type of work, but or most unskilled work, or some even semi-skilled, if you miss work—if you start missing work from the month that you're hired, the first day that you're hired, you'll have no earned time off and they'll terminate you")).

      The Commissioner argues that the Appeals Council's failure to provide good reasons in rejecting Dr. Terry's opinion does not require remand because the opinion was inconsistent with the medical evidence of record, including Plaintiff's own testimony and Dr. Terry's treatment notes. (Dkt. 9-1 at 7-9). "However, the Appeals Council did not discuss any of these reasons in its decision, and even if the new evidence was disputed by other evidence in the record, that 'provides no basis for excusing the agency from the requirement that it make findings as to the impact of the treating physician rule and provide good reasons for rejecting a treating physician's opinion.'" *Cintron v. Berryhill*, No. 1:16-cv-07731 (SDA), 2018 WL 1229731, at *11 (S.D.N.Y. Mar. 6, 2018) (quoting *Garcia v.*

*Comm'r of Soc. Sec.*, 208 F. Supp. 3d 547, 554 (S.D.N.Y. 2016)); *see also Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action."). Accordingly, the Appeals Council's rejection of Dr. Terry's opinion without an explanation for rejecting or discounting material aspects of it is error requiring remand. *Davison v. Colvin*, No. 1:12-cv-316 (MAD/VEB), 2013 WL 5278670, at *9 (N.D.N.Y. Sept. 18, 2013) (remand warranted for Appeals Council's failure to provide "good reasons" for disregarding treating physician's opinion where there was a "reasonable possibility" that the ALJ would have reached a different result had the administrative record included the opinion); *Stadler*, 464 F. Supp. 2d at 188 (remanding for further proceedings where Appeals Council summarily rejected treating physician's opinion that conflicted with the ALJ's RFC finding).

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional

arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  September 23, 2020
        Rochester, New York