UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JULIE L.,

                     Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

**DECISION AND ORDER**

6:19-CV-06411 EAW

## INTRODUCTION

Plaintiff Julie L. ("Plaintiff") moves for attorney's fees in the amount of $12,600.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 18). The Commissioner of Social Security ("the Commissioner") does not specifically object to the amount that Plaintiff seeks. (Dkt. 19). For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

On June 4, 2019, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on January 2, 2020. (Dkt. 8). The Commissioner submitted a response and cross motion for judgment on the pleadings on February 27, 2020. (Dkt. 9). Plaintiff submitted a reply to the Commissioner's response and cross motion for judgment on the pleadings on March 5, 2020. (Dkt. 11). This matter was assigned to the undersigned on April 6, 2020. (Dkt. 12). On September 23, 2020, the Court granted Plaintiff's motion to the extent that it remanded the matter to the Commissioner for further administrative proceedings. (Dkt. 13).

- 1 -

By Stipulated Order entered November 6, 2020, the Court approved payment to Plaintiff's counsel of $5,412.92 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  (Dkt. 17).  Thereafter, the Commissioner issued a fully favorable notice of award on March 8, 2022, in connection with Plaintiff's claims.  (Dkt. 18-3).  The letter indicated that $18,325.00 was withheld to pay Plaintiff's representative, which is not greater than 25 percent of Plaintiff's past due benefits.  (Dkt. 18-3 at 4).

On March 14, 2021, Plaintiff timely moved for attorney's fees pursuant to 42 U.S.C. § 406(b).  (Dkt. 18; *see* Dkt. 19 at 4).  The Commissioner filed a response, indicating that the Commissioner does not specifically object to the amount of Plaintiff's counsel's fee request.  (Dkt. 19).

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25

percent of the past-due benefits." *Id.* (citing § 406(b)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.   As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a fee award constitutes a windfall, which would render a § 406(b) fee award unreasonable, the Court considers: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant[,]" (3) "the satisfaction of the disabled

claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 145, 854-55 (2d Cir. 2022).

The requested amount of $12,600.00 is less than the $18,325.00 amount withheld from Plaintiff's benefits, which represents 25 percent of the statutory cap. (*See* Dkt. 18-3 at 4; Dkt. 19 at 4). There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. (*See* Dkt. 18-4). Counsel provided effective representation. The hours expended by counsel on the case were reasonable in light of the issues presented. The Court recognizes that Plaintiff's counsel achieved particularly good results for Plaintiff, prevailing on a contested motion for judgment on the pleadings. (*See* Dkt. 13).

In this matter, the requested fee would result in a *de facto* hourly rate of $480.92 ($12,600.00 divided by 26.2 hours). (*See* Dkt. 18-1 at 1). Courts have found to be reasonable rates in excess of the rate counsel seeks in this matter—especially where plaintiffs have prevailed on motions for judgment on the pleadings. *See, e.g.*, *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for judgment on the pleadings). *See also Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87); *Lucia M. v. Saul*, 15-CV-270F, 2021 WL 1298489, at *4 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $906.76).

Although Plaintiff does not directly address the factors set forth in *Fields*, neither the overall amount nor the *de facto* hourly rate raises concerns that Plaintiff's counsel would receive a windfall.  In *Fields*, the Second Circuit reversed the district court's decision and order modifying the plaintiff's counsel's application for fees resulting in a *de facto* hourly rate in excess of $1,500.  *See* 24 F. 4th at 851.  The Court notes that the Second Circuit reaffirmed its previous guidance that the windfall consideration ought not "constitute a way of reintroducing the lodestar method[.]"  *Id.* at 854.  Accordingly, the lodestar method cannot be the sole basis for a finding of unreasonableness.  *Id.*  The *de facto* hourly rate of $490.92 per hour is within the reasonable range of fees charged in cases in this District where plaintiffs have obtained favorable awards after contested motions for judgment on the pleadings.  Given the Commissioner's previous denials of Plaintiff's claims, achieving a favorable determination on Plaintiff's behalf was not assured. Accordingly, Plaintiff's counsel has not benefited from the "unearned advantage" of immediate success with minimal effort that, the Second Circuit has cautioned, would tend to indicate an impermissible windfall.  *Id.* at 856.

Having considered the reasoning in the foregoing cases and the arguments set forth by counsel, the Court concludes that counsel's effective hourly rate of $490.92 per hour is in line with awards generally approved in this District for similar work performed. Furthermore, the Court is "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'"  *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371).  Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining

- 5 -

reasonable fees under § 406(b)."  *Id.* (quotation marks omitted).  In light of the above, the Court finds the requested fee of $12,600.00 to be reasonable.

In addition, counsel understands that he is required to return the previously awarded EAJA fee.  (Dkt. 18-1 at 1); *see Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . .").  The parties stipulated to the amount of $5,412.92 (Dkt. 17 at 1), which counsel must refund to Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's § 406(b) motion for attorney's fees (Dkt. 18) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorney's fees in the amount of $12,600.00, out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $5,412.92 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:     June 10, 2022
           Rochester, New York